UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TYLANDO PIERRE WARR | CIVIL ACTION NO |
| VERSUS | JUDGE |
| ROY LEE STONE, HORNADY TRANSPORTATION, LLC, AND HUDSON INSURANCE COMPANY | MAGISTRATE JUDGE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOTICE OF REMOVAL**

Defendants, Roy Lee Stone ("Mr. Stone"), Hornady Transportation, L.L.C. ("Hornady"), and Hudson Insurance Company ("Hudson") (collectively the "Defendants"), hereby remove the action captioned "*Tylando Pierre Warr versus Roy Lee Stone, Hornady Transportation, LLC, and Hudson Insurance Company*" bearing case number 794867, Division "L" on the docket of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. In support of this notice of removal, Defendants plead the following grounds:

I.

On May 3, 2019, this civil action was filed by plaintiff, Tylando Pierre Warr ("Plaintiff"), in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, bearing case number 794867, Division "L." It is alleged that on May 17, 2018, Plaintiff was involved in a collision with a tractor trailer owned by Hornady, operated by Mr. Stone, and insured by Hudson. Plaintiff seeks to recover damages for personal injuries allegedly sustained as a result of the accident. *See* Petition for Damages.

II.

Plaintiff was at the time of filing of this action, and still is, a resident and domiciliary of Louisiana.

III.

Defendant, Mr. Stone, was at the time of the filing of this action, and still is, a resident and domiciliary of Mississippi.

IV.

Defendant, Hornady, was at the time of filing of this action, and still is, a citizen of the state of Alabama. Specifically, Hornady is an Alabama limited liability company and maintains a principal place of business in Alabama. The sole member of Hornady is Hornady Truck Line, Inc., an Alabama corporation with its principal place of business in Alabama.

V.

Defendant, Hudson, was at the time of the filing of this action, and still is, a foreign insurance corporation incorporated under the laws of Delaware, with its principal place of business in New York.

VI.

The Petition and Citation were served on Mr. Stone through the Louisiana Long Arm Statute on May 24, 2019. The Petition for Damages and Citation were served on Hornady Transportation, L.L.C., through its registered agent on May 24, 2019, and again through the Louisiana Long Arm Statute on May 29, 2019. The Petition and Citation were served on Hudson Insurance Company through the Louisiana Secretary of State on June 6, 2019.

VII.

It is not apparent on the face of the Petition that the action is within the original jurisdiction of this Court under the provisions of 28 U.S.C. §1332; specifically, the Petition does not show that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

VIII.

The Petition fails to describe with any degree of specificity the extent of the alleged injuries or damages sustained by Plaintiff. Rather, it is only generally alleged Plaintiff sustained (or will sustain) past and future physical pain and suffering; past and future medical expenses; past and future mental anguish; past and future loss of enjoyment of life; past and future loss of consortium; past and future loss of companionship; past and future lost wages; and past and future impairment of wage earning capacity. *See* Petition for Damages at ¶10.

IX.

By correspondence dated June 20, 2019, Defendants first received notice that the amount in controversy exceeds $75,000, exclusive of interest and costs, in this case involving diverse parties. Specifically, in documents produced on Plaintiff's behalf, Defendants received certain medical records from Plaintiff's treating orthopedic surgeon, Dr. Kevin McCarthy, which indicate that Plaintiff is being treated for a "large L5-S1 herniated nucleus pulposus with right lower extremity radiculopathy," for which Plaintiff has undergone two separate lumbar epidural steroid injections; and for which, Dr. McCarthy has recommended surgery—specifically, a bilateral microdiscectomy at the L4-S1 level. *See* **Exhibit "A,"** Affidavit of Counsel, at ¶7, and **Exhibit "B,"** Plaintiff's Select Medical Records.

X.

Quantum research reveals that general damage awards for injuries/treatment like those alleged in this case may exceed $75,000 in judgment value, exclusive of interest and costs. *See Lockett*

*v. U.V. Ins. Risk retention,* 15-166 (La. App. 5th Cir. 11/19/2015) (awarding $175,000 in general damages for herniated discs in cervical and lumbar spine, and lumbar microsurgical discectomy); 180 So.3d 557; *Riddle v. Geico General Insurance Company*, No. 650456 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, as summarized at 2018 WL 7141267 (awarding $119,380 in damages for multiple disc bulges with radicular pain at L5-S1 region which required a transforaminal epidural steroid injection); *Zalenski v. Bayou Liberty Water Association, et al.,* No. 2010-11116 on the docket of the 22nd Judicial District Court for the Parish of St. Tammany, as summarized at 2013 WL 7792185 (awarding $188,427 in damages for herniated lumbar disc at L4-5 with nerve root compression and facet arthrosis, lower back pain and radiculopathy); *Bruno v. State Farm Mut. Auto Ins.*, No. 2004-0096 on the docket of the 15th Judicial District Court for the Parish of Lafayette, as summarized at 2005 WL 2874720 (awarding $90,000 in general damages for bilateral joint arthropathy at L4-5 and constrictions at L4-5 and L5-S1 for which plaintiff underwent a lumbar steroid injection).  *See* **Exhibit "A,"** Affidavit of Counsel, at ¶8.

XI.

Thus, it was not until Defendants received the records of Plaintiff's treating orthopedic surgeon by correspondence dated June 20, 2019, that they were first put on notice that the amount in controversy in the action filed by Plaintiff exceeds $75,000, exclusive of interest and costs.

XII.

Considering all of the above, this is a civil action within the original jurisdiction of this Court under the provisions of 28 U.S.C. §1332, and is thus removable to this Court pursuant to the provisions of 28 U.S.C. §1441, *et seq.*, because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

XIII.

In compliance with the requirements of 28 U.S.C. §1446(b)(3), this notice of removal is filed within thirty (30) days after "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

XIV.

In compliance with 28 U.S.C §1446(a), a copy of all process, pleadings and orders served upon Defendants to date in state court are attached as **Exhibit "C,"** *in globo*, and made a part hereof.

XV.

In compliance with the requirements of 28 U.S.C. § 1446(b)(2), "all defendants who have been properly joined and served" have joined in the removal of this action. The named defendants in this matter are Mr. Stone, Hornady, and Hudson, all of whom are jointly presenting the instant removal, through undersigned counsel.

XVI.

In compliance with 28 U.S.C. §1446(d), Defendants hereby certify that notice of removal is being served contemporaneously herewith to the adverse parties, and to the Clerk of Court of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

WHEREFORE, defendants, Hornady Transportation, LLC, Hudson Insurance Company, and Roy Lee Stone, pray that this cause be removed from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to this Honorable Court, to proceed thereafter in the United States District Court for the Eastern District of Louisiana.

**[SIGNATURES FOLLOW ON THE NEXT PAGE]**

         Respectfully submitted,

         */s/ David Schroeter*
         M. Davis Ready, T.A. (Bar No. 24616)
         David M. Schroeter (Bar No. 36009)
         SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
         1100 Poydras Street, 30th Floor
         New Orleans, Louisiana 70163
         Telephone: (504) 569-2030
         Facsimile: (504) 569-2999
         *Attorneys for Hornady Transportation, L.L.C., Hudson Insurance Company, and Roy Lee Stone*

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing has been served upon those listed below by facsimile, e-mail, and/or by placing a copy of same in the United States mail, postage prepaid and properly addressed, this **16th** day of **July**, 2019.

Chad A. Aguillard
AGUILLARD LAW FIRM, LLC
811 Parent Street
New Roads, Louisiana 70760
caguillard@bellsouth.net

         */s/ David Schroeter*